**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JANEEN BROWN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 24-cv-563 |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, | ) | |
| M. LOPEZ (Star # 19830), and | ) | |
| C. MCCOY (Star # 4647) | ) | Plaintiff Requests Trial by Jury |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff, JANEEN BROWN, by and through her attorney, the Law Office of Sean Brown, LLC, for his Complaint against Defendants, CITY OF CHICAGO, M. LOPEZ (star # 19830), C. MCCOY (star # 4647), and OFFICER HUMPHREY (star # 9387), alleges as follows:

**PARTIES**

1. Plaintiff JANEEN BROWN (hereinafter "BROWN") is a resident of Chicago, Cook County, Illinois.

2. Defendant CITY OF CHICAGO is a municipal corporation incorporated under the laws of the State of Illinois.

3. Defendant M. LOPEZ, Star #19830, is a CITY OF CHICAGO police officer who, at all pertinent times, was acting under color of state law and as the employee, agent, and representative of the CITY OF CHICAGO Police Department. This defendant is being sued in his individual capacity.

4. Defendant C. MCCOY, Star #4647, is a CITY OF CHICAGO police officer who, at all pertinent times, was acting under color of state law and as the employee, agent, and

1

representative of the CITY OF CHICAGO Police Department. This defendant is being sued in his individual capacity.

## JURISDICTION AND VENUE

5. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983].

6. This Court has subject matter jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. Sections 1331 and 1343(a).

7. This Court has jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. Section 1367.

8. This Court has personal jurisdiction over defendants as they are residents of Illinois, and all actions complained of herein occurred in Illinois.

9. Venue is proper in this District because all the conduct complained of occurred in this district.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. On or around January 22, 2024, BROWN was seized and searched by Defendants M. LOPEZ and C. MCCOY ("Defendant Police Officers") at or about 9 South Homan Avenue, in Chicago, County of Cook, State of Illinois.

11. On said date, Defendant Police Officers were flagged down by a person who related that BROWN, and her passenger had a gun in the car.

12. Defendant Police Officers then ordered BROWN and her passenger out of the vehicle, and the two complied.

13. Defendant Police Officers did not check to see whether BROWN possessed a valid firearm owner's identification card or a concealed carry license prior to removing her from the vehicle.

2

14. Defendant Police Officers searched the vehicle and claim to have recovered a gun from inside of a bag under the passenger seat of the vehicle.

15. Although the vehicle did not belong to BROWN, Defendant Police Officers detained BROWN and placed her under arrest without probable cause.

16. At the time of the stop and search, BROWN did not give Defendant Police Officers reason to believe that she had committed a weapons offense.

17. At no point during the encounter with BROWN did any of the Defendant Police Officers observe BROWN to possess a firearm.

18. As a result of the Defendant Police Officers' unreasonable search and seizure, BROWN was arrested and charged with the criminal offense of Armed Habitual Criminal – a non-probationable offense that, if convicted, carries a minimum penalty of six years imprisonment and a maximum penalty of thirty years imprisonment.

19. At such time when BROWN was detained by Defendant Police Officers, the Defendant Police Officers detained BROWN without a reasonable belief that BROWN posed a threat to them, or that she had committed, was committing, or was about to commit a crime.

20. The Defendant Police Officers arrested BROWN without an arrest warrant or any probable cause that a weapons offense had been committed by BROWN.

21. That from January 22, 2022, to March 13, 2023, BROWN was continuously detained on house arrest under electronic monitoring because of the Defendant Police Officers' actions.

22. As a result of one or more of the Defendant Police Officers' actions, they caused BROWN great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, and other consequential damages.

23. Defendants' aforementioned acts were willful, wanton, malicious, and done with reckless indifference to and/or callous disregard for BROWN'S rights and justify the awarding of significant damages in an amount to be ascertained according to proof at the time of trial.

24. By reason of Defendants' above-described acts, BROWN requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, The Equal Access to Justice Act, or any other provision set by law.

## -FEDERAL CLAIMS -

### COUNT I: FALSE ARREST AGAINST ALL DEFENDANTS

25. Plaintiff realleges and incorporates herein by reference paragraphs one to twenty-four (1-24) as if set forth in full herein.

26. The actions of the Defendant Police Officers, as described above, knowingly caused Plaintiff to be arrested and imprisoned without probable cause or any other justification, and the Defendant Police Officers' actions constituted a deliberate indifference to Plaintiff's rights under the U.S. Constitution in violation of the Fourth and Fourteenth Amendments.

27. As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of his liberty and the taking of his person.

28. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed her to public scandal and disgrace, and caused her to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

29. Therefore, one or more defendant police officers are liable to BROWN under 42 U.S.C ¶ 1983 for violating his Constitutional right to be free from false arrest.

4

**COUNT II: UNLAWFUL DETENTION AGAINST ALL DEFENDANTS**

30. Plaintiff realleges and incorporates herein by reference paragraphs one to twenty-nine (1-29) as if set forth in full herein.

31. The Fourth and Fourteenth Amendments of the U.S. Constitution provide that a person cannot be deprived of life, liberty, and property without due process.

32. The actions of the Defendant Police Officers, as described above, violated Plaintiff's constitutionally protected rights when they detained her without probable cause, which led to Plaintiff's unlawful detention on house arrest with electronic monitoring for a period of fourteen months.

33. The Defendant Police Officers' actions constituted a deliberate indifference to Plaintiff's rights under the U.S. Constitution in violation of the Fourth and Fourteenth Amendments.

34. As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of his liberty and the taking of his person.

35. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed her to public scandal and disgrace, and caused her to incur lost wages, all to Plaintiff's damage.

36. Therefore, Defendant Police Officers are liable to BROWN under 42 U.S.C ¶ 1983 for violating his Constitutional right to be free from unlawful detention.

37. This matter is timely filed as BROWN brings the instant action within two years from the date BROWN was unlawfully detained.

**-STATE SUPPLEMENTAL CLAIMS AGAINST -**
**<u>DEFENDANT POLICE OFFICERS</u>**

**COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

38. Plaintiff realleges and incorporates herein by reference paragraphs one to thirty-seven (1-37) as if set forth in full herein.

39. From January 22, 2022, to March 13, 2023, Defendant Police Officers intentionally engaged in extreme and outrageous behavior against BROWN by unreasonably seizing her and perpetuating judicial proceedings against her for the offense of Armed Habitual Criminal -- although no officer saw a firearm in BROWN'S possession.

40. The Defendants' outrageous behavior, which led to BROWN'S fourteen-month detainment and indictment for a non-probationable offense that carried a potential minimum penalty of six years with a maximum penalty of thirty years of imprisonment caused BROWN to suffer severe emotional distress, including anxiety, fear, anger, depression and humiliation and the injuries set forth above.

41. Defendant Police Officers are liable for this intentional infliction of emotional distress because it was proximately caused by their actions as set forth above.

42. This matter is timely filed as BROWN brings the instant action within two years after the tortious conduct ceased, to wit: March 13, 2023, that caused BROWN severe emotional distress.

## COUNT IV: MALICIOUS PROSECUTION

43. Plaintiff realleges and incorporates herein by reference paragraphs one to forty-two (1-42) as if set forth in full herein.

44. By the actions detailed above, the Defendant Police Officers knowingly sought to and did in fact maliciously prosecute BROWN on charges for which they knew there was no probable cause from January 22, 2022, to March 13, 2023.

45. In the manner described above, the Police Officer Defendants, individually, jointly, and/or in conspiracy with one another, and others unknown, as well as within the scope of their employment, fabricated a basis for arresting BROWN.

46. The Defendant Police Officers then unreasonably accused BROWN of criminal activity and exerted influence to initiate, to continue, and to perpetuate judicial proceedings against BROWN without any probable cause for doing so.

47. The Defendant Police Officers caused BROWN to be subjected improperly to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury.

48. The judicial proceedings against BROWN were terminated in her favor when the Cook County State's Attorney dismissed the charges against BROWN on the day that the matter was set for trial, and the State acknowledged it could not meet its burden.

49. As a result of the Defendants' misconduct described in this Count, BROWN suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, exposure to public scandal and disgrace, damage to his reputation, embarrassment, and other grievous and continuing injuries and damages as set forth above.

50. This matter is timely filed as BROWN brings the instant action within two years after the matter was terminated in BROWN'S favor on March 13, 2023.

## COUNT V: FALSE IMPRISONMENT

51. Plaintiff realleges and incorporates herein by reference paragraphs one to fifty (1-50) as if set forth in full herein.

52. Defendant Police Officers, individually and/or jointly and in conspiracy, falsely imprisoned Plaintiff without reasonable suspicion or probable cause.

53. Defendant Police Officers are liable for this false imprisonment because it was proximately caused by their unlawful actions as set forth above.

54. The Defendants' false imprisonment of Plaintiff began on January 22, 2022, and continued until March 13, 2023.

55. During this period, the Defendants knew that they had unlawfully arrested BROWN as they had no reasonable suspicion or probable cause to believe that he was armed and dangerous or that he was committing a weapons offense.

### -STATE SUPPLEMENTAL CLAIMS AGAINST CITY OF CHICAGO-
### COUNT VI: STATUTORY LIABILITY under 745 ILCS 10/9-102

56. Plaintiff realleges and incorporates herein by reference paragraphs one to fifty-five (1-55) as if set forth in full herein.

57. Pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO is empowered and directed to pay any judgment for compensatory damages (and any associated attorneys' fees and costs) for which an employee police officer, acting within the scope of his employment, is found liable.

58. Defendant CITY OF CHICAGO was, at all times relevant to this action, the employer of Defendant Police Officers.

59. The acts and/or omissions of the Defendant Police Officers alleged in this Complaint were committed in the course and within the scope of their employment.

60. As a result, if a judgment for compensatory damages is entered against one or more of the defendant officers, the CITY OF CHICAGO must pay the judgment as well as the associated attorneys' fees and costs.

### COUNT VII: RESPONDEAT SUPERIOR

61. Plaintiff realleges and incorporates herein by reference paragraphs one to sixty (1-60) as if set forth in full herein.

62. Defendant Police Officers were, at all times relevant to this action, employees, and agents of the Defendant CITY OF CHICAGO.

63. Each of the Defendant Police Officers were acting within the scope of his employment when he engaged in the actions described in this complaint.

64. Therefore, all the individual defendants' acts and omissions are directly chargeable to the CITY OF CHICAGO pursuant to the doctrine of Respondeat Superior.

**WHEREFORE**, Plaintiff BROWN respectfully requests:

A. That he be awarded compensatory damages in an amount to be determined at trial to compensate her for mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, medical bills, future pecuniary losses, and other consequential damages;

B. That Defendants be required to pay prejudgment interest to Plaintiff on these damages;

C. That Plaintiff be awarded reasonable attorneys' fees, costs, and litigation expenses; and

D. For such other relief as the Court may deem just or equitable.


RESPECTFULLY SUBMITTED,


/s/ *Sean Brown*
   Sean Brown
Plaintiff's Attorney
The Law Office of Sean Brown, LLC
111 W. Jackson Blvd, Suite 1700
Chicago, IL 60604
Tel: 312-675-6116
Fax: 312-675-6001
attorneyseanbrown@gmail.com

9

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a copy of the foregoing Complaint will be served upon the following, or an agent thereof, via personal delivery by an individual over the age of 18 who is not a party to this action, and that a notice certifying the same will be filed upon service.

City of Chicago
c/o Anna Valencia, City Clerk
121 N. LaSalle St., #107
Chicago, IL 60602

M. Lopez, Star # 19830
Chicago Police Department
3510 S. Michigan Avenue
Chicago, IL 60653

C. McCoy, Star # 4647
Chicago Police Department
3510 S. Michigan Avenue
Chicago, IL 60653

/s/ *Sean Brown*
Sean Brown
Attorney for Plaintiff